This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39254

**PAUL MUELLER,**

Plaintiff-Appellant,

v.

**BERT PARNALL,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Paul Mueller
Rio Rancho, NM

Pro Se Appellant

Dixon, Scholl, Carrillo, P.A.
Gerald G. Dixon
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Plaintiff appeals from the district court's order dismissing his complaint for legal malpractice as barred by the statute of limitations. In this Court's notice of proposed disposition, we proposed to summarily affirm. Plaintiff filed a memorandum in opposition and a motion to amend the docketing statement seeking to clarify his presentation of the issues on appeal. We remain unpersuaded that Plaintiff has shown error and we therefore affirm the ruling of the district court. In addition, we deny Plaintiff's motion to amend the docketing statement.

**{2}** Plaintiff's motion to amend the docketing statement does not seek to add new issues; rather, it seeks to clarify one of the issues presented in the docketing statement and also responds to the analysis in our calendar notice. While we commend Plaintiff for taking care to ensure that the issue has been explicitly raised, we find it unnecessary to allow amendment of the docketing statement because this Court considers additional facts and argument in support of an issue originally raised in the docketing statement without requiring an amendment to the docketing statement. Accordingly, although we have considered all the arguments made in Plaintiff's motion to amend, we deny the motion as unnecessary.

**{3}** In his memorandum in opposition and motion, Plaintiff clarifies that his argument is that the statute of limitations could not have begun until he knew the claim *against* Allsup's was viable. [MIO 2-3, 12-16; Mot. 3-4] Plaintiff argues that "[t]he viability of the underlying case against Allsup's was a necessary fact in a cause of action for legal malpractice" and that "[o]nly after obtaining the training manual [did] the claim against Allsup's become viable[.]" [MIO 3] In our calendar notice, we proposed to disagree with this argument [CN 4] and Plaintiff has not asserted any facts, law, or argument in his memorandum in opposition that persuades this Court that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{4}** We additionally deny Plaintiff's request to reassign this case to the general calendar. [MIO 16-17] For the reasons discussed in our calendar notice [CN 3-6], this case does not present an issue of first impression.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**